UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ANTHONY EWING,

    Petitioner,

v.                                              CAUSE NO.: 3:19-CV-622 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Mr. Michael Anthony Ewing, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (WCC 19-4-457) at the Westville Correctional Center in which a disciplinary hearing officer (DHO) found him guilty of stealing in violation of Indiana Department of Correction Offense 215. Following a disciplinary hearing, he was sanctioned with a loss of earned credit time, but the sanction was suspended pending good behavior. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A "habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Mr. Ewing argues that he did not receive a fair disciplinary hearing, but the length of his sentence was not increased as a result of this hearing. While the sanctions included a loss of earned credit time, this sanction was suspended and has not been imposed.

Mr. Ewing also argues that the disciplinary finding will adversely affect his upcoming parole determination. *Sandin v. Conner*, 515 U.S. 472 (1995), considered a similar argument from a Hawaii inmate. The United States Supreme Court noted that, under Hawaii law, parole decisions are discretionary, involve multiple considerations, and allow prisoners to explain the circumstances of

their disciplinary record. *Id.* at 487. On this basis, the court rejected the inmate's argument that he was entitled to procedural due process at a disciplinary hearing, reasoning that "[t]he chance that a finding of misconduct [at a disciplinary hearing] will alter the balance [of a parole determination] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.*

Under Indiana law, parole determinations are similarly discretionary and based on multiple factors, and inmates are similarly afforded an opportunity to explain their disciplinary record. Ind. Code § 11-13-3-3(b, h); *Komyatti v. State*, 931 N.E.2d 411, 419 (Ind. Ct. App. 2010) ("Once the Parole Board has fulfilled the statutory procedural requirements, it has almost absolute discretion in making its decision."). Because Mr. Ewing's claims are not sufficiently related to the fact or duration of his sentence, he has not articulated a basis for habeas relief.

The petition must accordingly be denied. If Mr. Ewing wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition (ECF 2) pursuant to Section 2254 Habeas Corpus Rule 4;

(2) GRANTS the motion for leave to proceed *in forma pauperis* here (ECF 3);

(3) WAIVES the filing fee;

(4) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Michael Anthony Ewing leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

August 19, 2019          *s/ Damon R. Leichty*
         Judge, United States District Court